UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06201-MWC-ACCV Date: November 25, 2026

Title: Jose M Escamilla, *et al.* v. American Honda Motor Co., Inc., *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. [25]); DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (DKT. [8]); REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT (NO. CVPS2407621); VACATING HEARINGS; AND CLOSING CASE [JS-6]**

There are two motions before the Court. First, Defendant American Honda Motor Co., Inc. ("Defendant") filed a Motion to Dismiss. Dkt. # 8. Plaintiffs Jose Escamilla and Lisset Acosta (collectively, "Plaintiffs") filed an untimely Opposition brief, *see* Dkt. # 27,[1] and Defendant replied, *see* Dkt. # 27. Also before the Court is Plaintiffs' Motion to Remand ("motion"). Dkt. # 25 ("*Mot.*"). Defendant opposed, *see* Dkt. # 26 ("*Opp'n*"), and Plaintiff replied, *see* Dkt. # 30 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. After considering the papers, the Court **GRANTS** Plaintiffs' Motion to Remand, **DENIES AS MOOT** Defendant's Motion to Dismiss, and **REMANDS** this action to Riverside County Superior Court (No. CVPS2407621). The December 4, 2026, hearings are **VACATED**. The Clerk of Court is instructed to **CLOSE** this case **(JS-6)**.

[1] Because the Court set the hearing date on Defendant's Motion to Dismiss for December 4, 2026, Plaintiffs' Opposition brief was due no later than Friday, November 13, 2026. *See* C.D. Cal. L.R. 7-9. Plaintiffs untimely filed their Opposition brief on November 20, 2026. However, because the Court denies as moot Defendant's Motion to Dismiss, the Court declines to strike Plaintiffs' untimely Opposition brief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06201-MWC-ACCV Date: November 25, 2026

Title: Jose M Escamilla, *et al.* v. American Honda Motor Co., Inc., *et al.*

I. Background[2]

This case arises after Defendant allegedly failed to promptly repair and replace Plaintiffs' 2020 Honda Civic bearing Vehicle Identification Number 2HGFC2F64LH553678 (the "Subject Vehicle"). *See* Dkt. # 22 at 29–42 ("*FAC*"). The First Amended Complaint ("FAC") alleges as follows:

On November 26, 2022, Plaintiffs purchased the Subject Vehicle, manufactured by Honda, for a total purchase price of approximately $35,114.40 with approximately 13,484 miles on the odometer at the time of sale. *Id.* ¶¶ 8–9. Unicars Honda, a Honda-authorized dealership and Honda-authorized Certified Pre-Owned seller, sold the Subject Vehicle to Plaintiffs as a Honda Certified Pre-Owned ("CPO") vehicle. *Id.*

As part of the sale, Honda issued and provided an express limited Honda CPO Warranty (the "Warranty") for the Subject Vehicle in connection with, and at the time of, Plaintiffs' purchase. *Id.* ¶ 11. The Warranty provided that in the event a covered nonconformity developed within the Subject Vehicle during the applicable warranty period, Plaintiffs could deliver the Subject Vehicle to Honda's authorized service and repair facilities, and the Subject Vehicle would be repaired to conform to the warranty. *Id.* ¶ 13. Honda partnered with its authorized dealership to sell CPO used vehicles, including the Subject Vehicle, directly to the public by offering a Honda-issued express warranty as part of the sales package. *Id.* ¶ 14. The Warranty was a crucial incentive in Plaintiffs' decision to purchase the Subject Vehicle. *Id.* ¶ 16.

During Plaintiffs' ownership, and within the applicable warranty period, the Subject Vehicle developed and manifested defects and nonconformities covered by the applicable warranties, including but not limited to, recurring suspension and drivetrain defects, emissions system defects, and steering defects. *Id.* ¶ 19. One or more of these defects existed in the Subject Vehicle at the time of sale and delivery. *Id.* Plaintiffs presented the Subject Vehicle to Honda for diagnosis and repair of the defects on numerous occasions during the applicable warranty period. *Id.* ¶¶ 21–27. "Notwithstanding a reasonable number of opportunities to do so, Honda and/or its authorized service and repair facilities

[2] The Court limits its recitation of the facts underlying this case to only those necessary to resolve the instant motions.

failed to service or repair the Subject Vehicle to conform to the applicable express warranties." *Id.* ¶ 29.

## II. Procedural History

On November 25, 2024, Plaintiffs filed their original Complaint in the Superior Court of the State of California, County of Riverside, Case No. CVPS2407621. *See* Dkt. # 22 at 8. On September 2, 2026, Plaintiffs filed the operative FAC, alleging six state law causes of action and one claim asserting a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–12. *See FAC* ¶¶ 56–66.

On October 2, 2026, Defendant removed the action to this Court pursuant to federal question jurisdiction under 28 U.S.C. § 1331. *See* Dkt. # 1 ("*NOR*") ¶¶ 5, 10. The Notice of Removal asserts that the Magnuson-Moss Warranty Act's amount in controversy requirement is satisfied because the FAC "demands restitution for damages according to proof, consequential and incidental damages, and a civil penalty in the amount of two times Plaintiffs' actual damages, and reasonable attorney's fees." *Id.* ¶ 14. Defendant therefore contends "the total amount in controversy here is in excess of $105,343.20." *Id.* Defendant submitted the Declaration of Corinne D. Orquiola ("Orquiola Declaration") in support of its Notice of Removal. Dkt. # 1-2 ("*Orquiola Decl.*").

On October 9, 2026, Defendant filed the instant Motion to Dismiss. Dkt. # 8. Plaintiffs did not oppose and the time for doing so has expired. *See* C.D. Cal. L.R. 7-12. On October 23, 2026, Plaintiff moved to remand this case to the Superior Court of California, County of Riverside. *Mot.* The motion is fully briefed and ripe for consideration and disposition. *See Opp'n*; *Reply*.

## III. Legal Standard

### A. Motion to Remand

"The federal removal statute provides that 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant . . . to the district court of the United States.'" *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1184 (9th Cir. 2022) (quoting 28 U.S.C. § 1441(a)); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts [original] jurisdiction

over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019).

"[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* In those instances, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. Ultimately, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244 (citation omitted). There is a "presumption against removal," and "the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted).

## IV. Discussion

Actions removed based on the Magnuson-Moss Act do not satisfy the Court's federal question jurisdiction unless the amount in controversy is equal to or greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C. § 2310(d)(3)(B); *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1067 (C.D. Cal. 2023). "Courts analyze the amount in controversy under the [Magnuson]-Moss Act using the same principles as diversity jurisdiction." *Lopez*, 693 F. Supp. 3d at 1067 (citing *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005)).

Plaintiffs move to remand this action to Superior Court, arguing Defendant's Notice of Removal failed to establish that the amount in controversy exceeds $50,000. *See generally Mot.* Specifically, Plaintiffs argue the Notice of Removal fails to demonstrate that the actual damages, civil penalties, and attorney's fees total $50,000. *See id.* at 13–21.

### A. Actual Damages & Civil Penalties

"Since the Magnuson-Moss Act does not specify the appropriate measure and type of damages that are available, courts, including the Ninth Circuit, have turned to the

applicable state law," here, the California Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), Cal. Civ. Code §§ 1790, *et seq.*, "to determine which remedies are available under the Act, which of necessity informs the potential amount in controversy." *Lopez*, 693 F. Supp. 3d at 1067–68 (quotation marks and citation omitted); *Atalla v. Gen. Motors, LLC*, No. 2:25-cv-08103-SVW-MAA, 2026 WL 694480, at *2 (C.D. Cal. Mar. 11, 2026). Under the Song-Beverly Act, the buyer of a vehicle may recover "in an amount equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code §§ 1793.2(d)(2)(B)–(C). This reduction, often referred to as the "use offset" or "statutory offset," is based on the plaintiff's "miles driven before the first attempted repair of the defect." *Atalla*, 2026 WL 694480, at *2. Specifically, the Song-Beverly Act provides:

> [T]he amount to be paid by the manufacturer to the buyer may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair for correction of the problem that gave rise to the nonconformity. The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the manufacturer or distributors, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity.

Cal. Civ. Code § 1793.2(d)(2)(C); *see also Lopez*, 693 F. Supp. 3d at 1068 (explaining the use offset "is calculated by dividing the number of miles driven prior to first delivery for correction by $120,000").

"When calculating actual damages for the purpose of determining the amount in controversy, the Court must include the statutory offset." *Atalla*, 2026 WL 694480, at *3 (citations omitted); *see also Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (affirming district court's determination that amount in controversy must account for statutory offset in Song-Beverly action); *D'Amico v. Ford Motor Co.*, No. CV

20-2985-CJC (JCx), 2020 WL 2614610, at *2–3 (C.D. Cal. May 21, 2020) (remanding case to superior court because defendant's amount in controversy calculation failed to "account for Plaintiff's use of the car before she took it in for repair").

Plaintiffs argue the Notice of Removal fails to calculate actual damages because it fails to account for the use offset the Song-Beverly Act requires. *See Mot.* at 13–14. Defendant asks the Court to "discredit[]" this argument because "Plaintiffs do not say what they argue the offset should be[.]" *Opp'n* at 5.

The Notice of Removal alleges:

> The amount in controversy requirement is satisfied because the damages Plaintiffs seek to recover exceeds $50,000. (See Plaintiffs' Amended Complaint p.13:20-14:9, Orquiola Decl. ¶ 2, Exhibit 1.) The Amended Complaint demands restitution for damages according to proof, consequential and incidental damages, and a civil penalty in the amount of two times Plaintiffs' actual damages, and reasonable attorney's fees. *Id.* As Plaintiffs allege the purchase price of the subject vehicle was approximately $35,114.40, the total amount in controversy here is in excess of $105,343.20.

*NOR* ¶ 14.

The FAC does not allege a specific amount of damages sought, but instead seeks "actual damages in an amount according to proof," "[f]or restitution," and for "any consequential and incidental damages in an amount according to proof." *See FAC* at 41–42 (Prayer for Relief). And though Defendant submitted the Orquiola Declaration in support of its Notice of Removal, the declaration offers no facts in support of the actual damages sought. *See Orquiola Decl.* ¶¶ 1–3. Defendant was therefore obligated to submit evidence demonstrating the actual damages requested in this action, accounting for the Song-Beverly Act's statutory offset. *Dart Cherokee Basin*, 574 U.S. at 89; *Lopez*, 693 F. Supp. 3d at 1068.

Defendant's Notice of Removal provides only a conclusory allegation that the amount in controversy is in excess of $105,343.20. *See NOR* ¶ 14. The Notice of Removal does not include any evidence in support of this calculation, and moreover, fails to account

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06201-MWC-ACCV Date: November 25, 2026

Title: Jose M Escamilla, *et al.* v. American Honda Motor Co., Inc., *et al.*

for the statutory offset. *See id.* Defendant has thus failed to carry its burden to establish the actual damages sought in this action exceeds $50,000. *See D'Amico*, 2020 WL 2614610, at *3 ("Given Defendant's failure to account for both the fact that the car was leased and for the use offset, Defendant has failed to carry its burden as to Plaintiff's actual damages.") (collecting cases); *Mullin v. FCA US, LLC*, No. CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *3–4 (C.D. Cal. May 14, 2020) (remanding case where "Defendants failed to take into account the mileage offset in alleging that the amount in controversy exceeds the jurisdictional minimum"); *Sanchez v. Ford Motor Co*, No. 2:18-cv-08023-RGK-SKx, 2018 WL 6787354, at *1 (C.D. Cal. Dec. 4, 2018) (remanding action where defendant failed to account for the Song-Beverly Act's use offset).

Plaintiffs also challenge Defendant's reliance on Plaintiff's "bare request . . . for civil penalties[.]" *Mot.* at 16. "The amount recoverable under the Song-Beverly Act is up to two times the amount of actual damages Plaintiff[s] suffered." *Mullin*, 2020 WL 2509081, at *4 (citation omitted). "However, the civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Lopez*, 693 F. Supp. 3d at 1068 (quotation marks, brackets, and citation omitted). Because Defendant failed to demonstrate the amount of actual damages requested, Defendant similarly failed to satisfy its burden to show Plaintiffs' request for civil penalties amounts to $50,000 in controversy. *See D'Amico*, 2020 WL 2614610, at *3 ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty.") (quotation marks and citation omitted); *Mullin*, 2020 WL 2509081, at *4 ("[B]ecause the amount of actual damages [is] uncertain, the Court is unable to determine what civil penalties might be imposed. Put differently, Defendants have failed to satisfy the burden of proof necessary to include civil penalties in the amount in controversy."); *Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty. Accordingly, the Court cannot determine the amount of any potential civil penalty either.").

Even if Defendant had satisfied its burden to show there are $35,114.40 in actual damages at issue in this case, the FAC only provides a conclusory request for "a civil penalty in the amount of two times Plaintiffs' actual damages[.]" *See FAC* at 41. The FAC's Magnuson-Moss claim makes no allegation that Defendant acted willfully, as the Song-Beverly Act requires. *See id.* ¶¶ 56–66; Cal. Civ. Code § 1794(c) (requiring the buyer to show the defendant's "failure to comply was willful" to recover a civil penalty). To the extent the FAC *does* allege such willfulness, it only does so in conclusory fashion.

*See FAC* ¶ 50 ("Defendant's failure to comply with its obligations under Civil Code section1793.2(a)(3) was willful[.]"). "District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy." *Lopez*, 693 F. Supp. 3d at 1068–69 (citation omitted). Defendant therefore cannot "point to any allegations of the [FAC]" establishing willfulness, and Defendant has further failed to "present evidence regarding willfulness, or otherwise [to] establish that an award of civil penalties is not speculative." *Id.* at 1069. Accordingly, the Court finds that Defendant fails to meet its burden to demonstrate civil penalties should be included in the amount in controversy calculation.

B. Attorney's Fees

Finally, Plaintiffs argue Defendant has failed to satisfy its burden demonstrating the amount of attorney's fees to be included in assessing the amount in controversy. *Mot.* at 18–21. Defendant does not respond to this argument. *See generally Opp'n.*

"In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold." *Lopez*, 693 F. Supp. 3d at 1069 (citation omitted). "A removing defendant, however, bears the burden 'to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence, and must make this showing with summary-judgment-type evidence.'" *Id.* (quoting *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018)). The defendant may satisfy its burden by "identifying awards in other cases" that are similar to the case at hand. *Id.* But a defendant fails to carry its burden where it "makes no effort to explain what amount of attorney fees might be sought or awarded[.]" *Id.* (quotation marks and citation omitted). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

The Notice of Removal alleges the amount in controversy is satisfied, in part, because the FAC includes a demand for reasonable attorney's fees. *See NOR* ¶¶ 4, 14. But the FAC requests only a conclusory award of attorney's fees. *See FAC* ¶¶ 66 ("Plaintiffs individually seek all damages permitted by law, . . . including attorney's fees and costs incurred in pursuing the action, pursuant to the one-way fee shifting statute that is part of Magnusson-Moss."). Defendant has not proposed any specific amount in attorney's fees sought, nor provided any analogous cases to the case at hand to demonstrate an amount

that would likely be awarded. *See NOR*. And Defendant has "neglect[ed] to include so much as an estimate of the hour or billing rates that might apply." *Lopez*, 693 F. Supp. 3d at 1069 (quotation marks and citation omitted); *D'Amico*, 2020 WL 2614610, at *4 (remanding case where "Defendant ma[de] no effort to explain what amount of attorney fees might be sought or awarded in this case" and failed to "provide an estimate of the hours that will be incurred or hourly rates that would apply in this case") (citations omitted); *Sanchez*, 2018 WL 6787354, at *1 (remanding action where defendant's "prospective attorneys' fees [were] too speculative for inclusion in the amount-in-controversy").

"Simply put, the values Defendant used to compute the amount in controversy are not adequately supported by facts and evidence," and there "remains doubt whether the amount in controversy" exceeds $50,000 to extend federal question jurisdiction under the Magnuson-Moss Act. *D'Amico*, 2020 WL 2614610, at *4. The Court therefore **GRANTS** Plaintiffs' Motion to Remand and **REMANDS** this action to the Superior Court of California, County of Riverside (No. CVPS2407621). Defendant's Motion to Dismiss is **DENIED AS MOOT**. *Edwards*, 2016 WL 6583585, at *5 (denying as moot defendant's motion to dismiss after granting plaintiff's motion to remand).

V. Conclusion

For the foregoing reasons, the Court **ORDERS** as follows:

1. Plaintiffs' Motion to Remand (Dkt. # 25) is **GRANTED**. Defendant's Motion to Dismiss (Dkt. # 8) is **DENIED AS MOOT**.

2. This case is **REMANDED** to the Superior Court of the State of California, County of Riverside (No. CVPS2407621).

3. The December 4, 2026, hearings are **VACATED**. The Clerk of Court is instructed to **CLOSE** this case **(JS-6)**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06201-MWC-ACCV Date: November 25, 2026

Title: Jose M Escamilla, *et al.* v. American Honda Motor Co., Inc., *et al.*

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ